# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LORENZO LEE THOMAS,** | ) | |
| Petitioner, | ) ) ) | Case No. 7:16CV00412 |
| v. | ) ) | **OPINION** |
| **COMMONWEALTH OF VIRGINIA, ET AL.,** | ) ) ) | By: James P. Jones<br>United States District Judge |
| Respondents. | ) ) | |

*Lorenzo Lee Thomas, Pro Se Petitioner.*

Petitioner Lorenzo Lee Thomas, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Thomas challenges the validity of his confinement under the 2016 Judgment of the Danville Circuit Court convicting him of possession of cocaine and violating probation conditions and sentencing him to serve time in prison. Upon review of the petition, I conclude that it must be summarily dismissed without prejudice, because Thomas has not exhausted available state court remedies.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Ultimately, exhaustion requires the petitioner to present his claims to the highest state court with jurisdiction to consider them and receive a

ruling. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a § 2254 petitioner has not presented his habeas claims to the appropriate state court and could still do so, a federal court should dismiss his petition without prejudice. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

Thomas indicates on the face of his petition that he has not appealed his convictions or filed a state habeas corpus petition raising his current claims. State court records available online indicate, however, that a petition for a writ of habeas corpus was filed on Thomas' behalf in the Danville Circuit Court in late September 2016 and remains pending.

Clearly, Thomas has not yet exhausted available state court remedies as required under § 2254(b). If the circuit court rules against him on his pending state habeas claims, he can appeal that disposition to the Supreme Court of Virginia. *See* Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B). Until Thomas has given the Supreme Court of Virginia an opportunity to address his claims in this manner, he has available state court remedies and has not satisfied the exhaustion requirement in § 2254(b). Therefore, I must dismiss his § 2254 petition without prejudice for failure to exhaust state court remedies.[1] If Thomas is dissatisfied with the outcome

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, I may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

of his state court habeas proceedings, he may then file a § 2254 petition in this court.[2]

A separate Final Order will be entered herewith.

DATED: October 5, 2016

/s/ James P. Jones
United States District Judge

---

[2] Thomas is advised that once he has exhausted state court remedies, he will have a limited time to file a § 2254 petition, pursuant to 28 U.S.C. § 2254(d)(1). The § 2254 filing time limit will stop running temporarily, however, as long as the state habeas proceedings are continuing. *See* 28 U.S.C. § 2254(d)(2).